1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IMPEVA LABS, INC., ) | Case No.: 5:12-CV-00125-EJD |
| ) | |
| Plaintiff, ) | **ORDER GRANTING DEFENDANTS'** |
| ) | **MOTION TO DISMISS THIRD** |
| v. ) | **CAUSE OF ACTION OF THE** |
| ) | **SECOND AMENDED COMPLAINT** |
| SYSTEM PLANNING CORPORATION, ) | |
| SYSTEM PLANNING CORPORATION D/B/A ) | |
| GLOBALTRAK AND RICHARD C. MEYERS, ) | **[Re: Docket No. 36]** |
| ) | |
| Defendants. ) | |

Presently before the court is Defendants System Planning Corporation ("SPC"), System

Planning Corporation d/b/a GlobalTrak ("GlobalTrak") and Richard C. Meyers' ("Myers")

(collectively, "Defendants") Motion to Dismiss the Third Cause of Action of the Second Amended

Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  The court found this

matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and

previously vacated the hearing.  The court has subject matter jurisdiction over this matter pursuant

to 28 U.S.C. § 1331 and 1332.  Having fully reviewed the parties' briefing, the court GRANTS

Defendants' Motion to Dismiss.

**United States District Court**
For the Northern District of California

## I. BACKGROUND

The background of this case is sufficiently set forth in this court's Order Granting in Part and Denying in Part Defendants' Motion to Dismiss First Amended Complaint. Dkt. No. 34. The following background is taken from that Order, and is repeated here only to the extent necessary for the present motion.

### a. Factual Background

The parties were competitors in the business of providing tracking systems for the containerized shipping market. GlobalTrak is a wholly owned division of SPC, and Richard C. Meyers is its Chief Executive Officer. Plaintiff is currently operating its business as a debtor and debtor-in-possession under 11 U.S.C. §§ 1107 and 1108.

The cause of action at issue in this motion arises out of Defendants' alleged interference with Plaintiff's bankruptcy proceedings. See Bankr. N.D. Cal. Case No. 10-53056-ASW-11 (the "Bankruptcy Case"). On March 31, 2010, Plaintiff filed a motion in the Bankruptcy Case to establish bid procedures for the sale of substantially all of its assets (the "Sale Motion"). Pursuant to the bid procedures, ARINC, Inc. was designated as the "stalking horse" bidder and procedures were established for other interested buyers to become qualified bidders at an auction (the "Auction") for Plaintiff's assets. In response to the Auction, SPC signed a non-disclosure agreement and purported to indicate its interest in acquiring Impeva's assets. SPC did not make a bid to acquire said assets, but instead filed an Objection to the Sale Motion, alleging infringement of two of SPC's patents—U.S. Patent Nos. 7,098784 ("the '784 patent") and 7,702,358 ("the '358 patent")—by Plaintiff. SPC also filed a Proof of Claim on April 28, 2010 for an unspecified amount of damages resulting from Plaintiff's alleged infringement. Plaintiff alleges that both GlobalTrek and Meyers participated in the decision to file the objection and proof of claims.

At the Auction, ARINC's initial stalking horse bid of $2,000,000 was bettered by a bid of $2,200,000 by Cubic Corporation ("Cubic"). ARINC, reluctant to purchase intellectual property tainted by SPC's patent infringement claims, did not submit an overbid and withdrew its bids to acquire Plaintiff's assets. ARINC indicated in open court during the Auction that but for SPC's

Case No.: 5:12-CV-00125-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THIRD CAUSE OF ACTION
OF THE SECOND AMENDED COMPLAINT

1   patent infringement claims it would have been willing to bid $1,000,000 higher over its initial

2   stalking horse bid.  However, because ARINC did not participate in the Auction, the bid by Cubic

3   of $2,200,000 in cash (plus the assumption of certain liabilities) was determined to be the

4   successful bid.

5           **b.  Procedural Background**

6       Plaintiff filed this action on January 6, 2012.  Dkt. No. 1.  Defendants moved to dismiss,

7   (Dkt. No. 13), and Plaintiff amended its complaint as a matter of right (Dkt. No. 18).  Plaintiff filed

8   its First Amended Complaint ("FAC") on February 22, 2012, alleging ten causes of action.  Dkt.

9   No. 18.   The first four causes of action sought declaratory relief that Plaintiff did not infringe the

10  '784 and '358 patents and asserted invalidity as to those patents.  Id.  The fifth through eighth

11  causes of action were based primarily on facts relating to a failed RFP submission which pre-dated

12  the bankruptcy proceedings.  Id. The ninth and tenth causes of action were based primarily on

13  Defendants' involvement in Plaintiff's Bankruptcy Case, including the cause of action at issue here

14  for "Judicial Order to Preserve Integrity of Bankruptcy Process").  Id.  Defendants filed a Motion

15  to Dismiss the FAC (Dkt. No. 23), which this court granted in part and denied in part on August

16  23, 2012 (Dkt. No. 34).   In that Order, the court denied Defendants' motion as to Plaintiff's fifth,

17  and part of Plaintiff's sixth causes of action, and dismissed Plaintiff's first, second, third, fourth,

18  seventh, eighth, ninth, and tenth causes of action.  Plaintiff filed  its Second Amended Complaint

19  ("SAC") on September 5, 2012, which contained three causes of action: Violation of the Federal

20  Lanham Act 15 U.S.C. § 1125(a), Intentional Interference with Prospective Economic Relations,

21  and Judicial Order to Preserve Integrity of Bankruptcy Process 11 U.S.C. § 105.  Dkt. No. 35.

22  Defendant filed a Motion to Dismiss Plaintiff's third cause of action—Judicial Order to Preserve

23  Integrity of Bankruptcy Process—to which the court now turns. Dkt. No. 36.

24  **II.  LEGAL STANDARD**

25      Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim in the

26  complaint with sufficient specificity to "give the defendant fair notice of what the ... claim is and

27  the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)

28  

Case No.: 5:12-CV-00125-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THIRD CAUSE OF ACTION
OF THE SECOND AMENDED COMPLAINT

United States District Court
For the Northern District of California

1  (internal quotations omitted).   A complaint which falls short of the Rule 8(a) standard may be

2  dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

3  Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is "proper only

4  where there is no cognizable legal theory or an absence of sufficient facts alleged to support a

5  cognizable legal theory." Shroyer v. New Cingular Wireless Servs., Inc., 606 F.3d 658, 664 (9th

6  Cir. 2010) (quoting Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001)). In considering whether

7  the complaint is sufficient to state a claim, the court must accept as true all of the factual

8  allegations contained in the complaint. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While a

9  complaint need not contain detailed factual allegations, it "must contain sufficient factual matter,

10  accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550

11  U.S. at 570).

12  **III. DISCUSSION**

13         In its third cause of action, Plaintiff seeks to have the court issue an order pursuant to

14  Section 105 of the bankruptcy title, 11 U.S.C. § 105, "compensating plaintiff Impeva for its losses

15  in order to preserve the integrity of the bankruptcy process." Dkt. No. 35 ¶ 29.  Plaintiff alleges

16  that the court may act under § 105 because Defendants violated the local bankruptcy rules during

17  the Bankruptcy Case.  In particular, Plaintiff alleges that Defendants violated the local rules by

18  filing their Objection without an accompanying declaration or affidavit to support their factual

19  contentions and by filing their Proof of Claim without including any evidence to establish a prima

20  facie case.  Dkt. No. 35 ¶  28.

21         The court has determined that it does not have the authority to act pursuant to Section 105

22  in this case.  While Section 105 endows "the court" with broad powers to enforce the bankruptcy

23  process, those powers rest with the court to which the bankruptcy case is assigned, whether it be a

24  district court or a bankruptcy court.  See Marrama v. Citizens Bank of Mass., 549 U.S. 365, 375

25  (finding that "the broad authority granted to bankruptcy judges to take any action that is necessary

26  or appropriate 'to prevent an abuse of process' described in § 105(a) of the Code" authorized the

27  bankruptcy judge's actions in question) (emphasis added); In re Feit & Drexler, Inc., 760 F.2d 406,

28                                                    4

Case No.: 5:12-CV-00125-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THIRD CAUSE OF ACTION
OF THE SECOND AMENDED COMPLAINT

United States District Court
For the Northern District of California

414 (2d Cir. 1985) (affirming district court's order compelling turnover of property located outside

that court's jurisdiction since the district court had powers under Section 105 <u>because</u> it was sitting

in bankruptcy); <u>In re Daewoo Motor Am., Inc.</u>, 471 B.R. 721 n.2 (Bankr. C.D. Cal. 2012)

(clarifying that Section 105 endows a <u>bankruptcy</u> court with the power to issue any order, process,

or judgment necessary to effectuate the bankruptcy title). This court has not at any time presided

over the Bankruptcy Case at issue and the case presently before this court is a separate action from

the Bankruptcy Case. Accordingly, Section 105 does not provide the court with any authority to

act here. Plaintiff's third cause of action therefore must be dismissed. Because amendment would

be futile, this cause of action is dismissed without leave to amend. <u>See</u> <u>Miller v. Rykoff–Sexton,</u>

845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be

futile or legally insufficient.").

**IV. Conclusion**

      The court GRANTS Defendant's Motion to Dismiss Third Cause of Action of the Second

Amended Complaint. Plaintiff's third cause of action—Judicial Order to Preserve Integrity of

Bankruptcy Process 11 U.S.C. § 105—is DISMISSED without leave to amend.

**IT IS SO ORDERED**

Dated: January 9, 2013

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:12-CV-00125-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THIRD CAUSE OF ACTION
OF THE SECOND AMENDED COMPLAINT